

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| UNITED STATES OF AMERICA | ) | Criminal No. 2:21-cr-8 |
|---|---|---|
| | ) | |
| v. | ) | 21 U.S.C. § 846 |
| | ) | Conspiracy to Distribute and Possess with |
| JEROD MONTREL ASKEW | ) | Intent to Distribute Controlled Substances |
| Defendant. | ) | (Count 1) |
| | ) | |
| | ) | 21 U.S.C. § 841(a)(1) |
| | ) | Distribute and Possess with Intent |
| | ) | to Distribute Controlled Substances |
| | ) | (Counts 2-4, 6-9) |
| | ) | |
| | ) | 18 U.S.C. § 924(c)(1)(A) |
| | ) | Possession of a Firearm during a |
| | ) | Drug Trafficking Crime |
| | ) | (Counts 5,10) |
| | ) | |
| | ) | 18 U.S.C. § 924(d) and 21 U.S.C. § 853 |
| | ) | 28 U.S.C. § 2461 |
| | ) | Criminal Forfeiture |

## SUPERSEDING INDICTMENT

April 2021 Term--Norfolk

THE GRAND JURY CHARGES THAT:

### COUNT ONE
(Conspiracy to Distribute Controlled Substances)

From in or about 2018 continuing to in or about March 2020, in the Eastern District of Virginia and elsewhere, the defendant, JEROD ASKEW did unlawfully, knowingly and intentionally combine, conspire, confederate and agree with other persons, both known and

1

unknown to the grand jury, to knowingly, intentionally and unlawfully distribute and possess with intent to distribute the below listed controlled substances:

(1) 100 grams or more of a mixture or substance containing a detectable amount Heroin, a Schedule I Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(i).

(2) A quantity of a mixture or substance containing a detectable amount of Cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

(3) A quantity of a mixture or substance containing a detectable amount of Cocaine Base, commonly known to as "Crack Cocaine", a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

(4) A quantity of a mixture or substance containing a detectable amount of Marijuana, a Schedule I Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D).

### Object of the Conspiracy

The object of the conspiracy was for JEROD ASKEW and other co-conspirators to obtain and distribute Heroin, Cocaine, Crack Cocaine and Marijuana in the Hampton Roads area of Virginia. and profit by doing so.

### Ways, Manner and Means of the Conspiracy

1. It was part of the conspiracy that JEROD ASKEW would text his supplier in order to make arrangements for purchasing a supply of controlled substances for further distribution.

2. It was further part of the conspiracy that JEROD ASKEW would text and call other individuals for the purpose of making arrangements for selling illegal narcotics to these individuals.

3. It was further part of the conspiracy that JEROD ASKEW would rent automobiles at the Norfolk International Airport for the purpose of driving to Baltimore, Maryland area to pick up a supply of illegal narcotics from his supplier and to pay the supplier for the illegal narcotics.

4. It was further part of the conspiracy that when JEROD ASKEW drove to the Baltimore, Maryland area in a rental vehicle, he would stay at his suppliers location for a very short period of time and then immediately drive back to Norfolk, Virginia and return his rental vehicle at the Norfolk International Airport.

5. It was further part of the conspiracy that JEROD ASKEW kept firearms during and in relation to his drug trafficking trade to protect his supply of illegal narcotics, his money and himself.

6. It was further part of the conspiracy that JEROD ASKEW would store his supply of illegal narcotics and firearms in his residence.

7. It was further part of the conspiracy that JEROD ASKEW rented a storage unit for the purpose of storing his supply of illegal narcotics and firearms.

8. It was further part of the conspiracy that JEROD ASKEW distributed controlled substances to include a distribution of approximately two ounces of heroin on February 28, 2020 in Chesapeake, Virginia and approximately one ounce of heroin on March 19, 2020 in Chesapeake, Virginia.

(In violation of Title 21, United States Code, Section 846.)

THE GRAND JURY FURTHER CHARGES THAT:

## COUNT TWO
(Distribution of Heroin)

On or about February 28, 2020, in Chesapeake, in the Eastern District of Virginia, JEROD MONTREL ASKEW did knowingly and intentionally distribute approximately two ounces of a mixture and substance containing a detectable amount of Heroin, a Schedule I Controlled Substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.)

THE GRAND JURY FURTHER CHARGES THAT:

## COUNT THREE
(Distribution of Heroin)

On or about March 19, 2020, in Chesapeake, in the Eastern District of Virginia, JEROD MONTREL ASKEW did knowingly and intentionally distribute approximately one ounce of a mixture and substance containing a detectable amount of Heroin, a Schedule I Controlled Substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.)

THE GRAND JURY FURTHER CHARGES THAT:

## COUNT FOUR
(Possession with Intent to Distribute Heroin)

On or about March 24, 2020, in Virginia Beach, in the Eastern District of Virginia, JEROD MONTREL ASKEW did knowingly and intentionally possess with intent to distribute 100 grams

or more of a mixture and substance containing a detectable amount of Heroin, a Schedule I Controlled Substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) and Title 18, United States Code, Section 2.)

THE GRAND JURY FURTHER CHARGES THAT:

## COUNT FIVE
(Possession of a Firearm during a Drug Trafficking Crime)

On or about March 24, 2020, in Virginia Beach, within the Eastern District of Virginia, JEROD MONTREL ASKEW did knowingly possess a firearm in furtherance of a drug trafficking crime, for which he may be prosecuted in a court of the United States, namely: possession with intent to distribute Heroin, in violation of 21 U.S.C. § 841(a)(1), as set forth in Count ~~Two~~ Four of this indictment, which description of said drug trafficking crime is re-alleged and incorporated by reference as if set forth in full herein.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2)

THE GRAND JURY FURTHER CHARGES THAT:

## COUNT SIX
(Possession with Intent to Distribute Cocaine)

On or about March 24, 2020, in Virginia Beach, in the Eastern District of Virginia, JEROD MONTREL ASKEW did knowingly and intentionally possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of Cocaine, a Schedule II Controlled Substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.)

5

THE GRAND JURY FURTHER CHARGES THAT:

## COUNT SEVEN
(Possession with Intent to Distribute Crack Cocaine)

On or about March 24, 2020, in Virginia Beach, in the Eastern District of Virginia, JEROD MONTREL ASKEW did knowingly and intentionally possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of Cocaine Base, commonly known as Crack Cocaine, a Schedule II Controlled Substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.)

THE GRAND JURY FURTHER CHARGES THAT:

## COUNT EIGHT
(Possession with Intent to Distribute Marijuana / residence)

On or about March 24, 2020, in Virginia Beach, in the Eastern District of Virginia, JEROD MONTREL ASKEW did knowingly and intentionally possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of Marijuana, a Schedule I Controlled Substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D) and Title 18, United States Code, Section 2.)

THE GRAND JURY FURTHER CHARGES THAT:

## COUNT NINE
(Possession with Intent to Distribute Marijuana / storage unit)

On or about March 24, 2020, in Virginia Beach, in the Eastern District of Virginia, JEROD MONTREL ASKEW did knowingly and intentionally possess with intent to distribute a quantity

of a mixture and substance containing a detectable amount of Marijuana, a Schedule I Controlled Substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D) and Title 18, United States Code, Section 2.)

THE GRAND JURY FURTHER CHARGES THAT:

## COUNT TEN
(Possession of a Firearm during a Drug Trafficking Crime)

On or about March 24, 2020, in Virginia Beach, within the Eastern District of Virginia, JEROD MONTREL ASKEW did knowingly possess a firearm in furtherance of a drug trafficking crime, for which he may be prosecuted in a court of the United States, namely: possession with intent to distribute Marijuana, in violation of 21 U.S.C. § 841(a)(1), as set forth in Count ~~Seven~~ Nine of this indictment, which description of said drug trafficking crime is re-alleged and incorporated by reference as if set forth in full herein.

 -DEM

(In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2)

## FORFEITURE

1. The defendant, if convicted of any of the violation alleged in Counts One through Ten of this indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

   a. Any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the violation;

   b. Any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violation; and

2. The defendant, if convicted of any of the violations alleged in this indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any firearm or ammunition involved in or used in the violation.

3. If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

4. The assets subject to forfeiture include, but are not limited to, $3,605.01 seized from Navy Federal Credit Union Account with number ending 6085 on November 9, 2020.

(In accordance with Title 21, United States Code, Section 853; Title 18, United States Code, Sections 924(d)(1); and Title 28, United States Code, Section 2461(c).)

*United States v. Jerod Montrel Askew*
Criminal No. 2:21cr8

A TRUE BILL:

REDACTED COPY

_____
FOREPERSON


RAJ PAREKH
ACTING UNITED STATES ATTORNEY

By: _____
William D. Muhr
Assistant United States Attorney
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number: (757) 441-6331
Facsimile Number: (757) 441-6689
Email Address:   bill.muhr@usdoj.gov