IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES OF AMERICA

v. Case No. 2:21cr8

JEROD MONTREL ASKEW

**DEFENDANT JEROD MONTREL ASKEW'S BRIEF IN SUPPORT OF MOTION FOR MENTAL HEALTH AND COMPETENCY EXAMINATION**

COMES NOW counsel for the defendant, Andrew M. Sacks, Esquire, on behalf of the defendant, and as and for his Brief In Support Of Motion For Mental Health And Competency Examination, respectfully states the following in support thereof:

**FACTS**

The defendant is currently charged in a 10-Count Superseding Indictment alleging conspiracy to distribute controlled substances, distribution/possession with intent to distribute controlled substances, and possession of a firearm during a drug trafficking crime.

Trial was originally scheduled for a jury for November 30, 2021, but has been replaced by the Court with a hearing on the instant motion for a mental health and competency examination.

As counsel has intensified his pretrial preparation, including comprehensive conferences with the defendant to continue to review Government evidence/discovery and to continue discussing trial strategy and tactics, counsel has observed a series of concerning and disturbing behaviors, comments, thoughts, and reactions from the defendant which suggest the following:

A. That the defendant appears to substantially fail to appreciate the gravity of the proceedings against him;

B. That the defendant is having trouble processing basic concepts in connection with the trial process;

C. That the defendant has expressed illogical, unrealistic, and almost nonsensical explanations about critical evidence;

D. That, at times, the defendant seems “lost” in terms of his basic comprehension of the process and the evidence; and

E. That, after a detailed, straightforward and compelling off-the-record presentation by the Government to defense counsel and the defendant of the Government’s essential trial evidence on Monday afternoon, November 22, at the Office of the United States Attorney in Norfolk, the defendant continues to evince an apparent lack of understanding and appreciation of that evidence, repeatedly stating, when defense counsel has attempted to engage him in discussion about the presentation, that he is “confused.”

Under the foregoing circumstances, the undersigned defense counsel is having extreme difficulty even organizing or crafting a coherent defense given the defendant’s apparent inability to appreciate basic trial process and evidentiary considerations, and to assist defense counsel in preparing a defense.

Although defense counsel has previously observed some troubling aspects of defendant’s processing of, and reaction to, the discovery and anticipated evidence in this case while counsel has reviewed same with the defendant in the past, the competency issue did not crystalize in the manner that it has until much more recently when defense counsel felt compelled to contact the Assistant United States Attorney this past Friday, November 19, 2021 to share defense counsel’s growing concerns in this regard and to discuss same with the Government. Moreover, defense counsel respectfully alerted the Court to these

concerns yesterday morning, November 22, 2021, in anticipation of the possible need to file a formal motion for an examination. After defendant's somewhat bizarre reaction and response to the evidentiary proffer late yesterday, November 22, defense counsel felt that he had no professional option but to file the motion early this morning.

In inquiring of the defendant about potential relevant history that might explain the current functioning problems observed by counsel, the defendant has disclosed that he received special education-type services in grade school. In addition, he describes the tragic and sudden death of his brother when the defendant was much younger under circumstances that the defendant feels responsible for his brother's death (and thereby, in counsel's lay view, comprising a significant traumatic, earlier life event that may be informing the defendant's intellectual functioning under the present extreme stress of a serious criminal prosecution).

Additionally, in a further effort to confirm or dispel defense counsel's burgeoning competency concerns, defense counsel recently spoke at length with the defendant's significant other and mother of their minor children, who also confirmed her observations that "50 percent of the time" the defendant seems to have trouble processing information in areas of life well beyond the legal domain.

Accordingly, for all of the foregoing reasons, defense counsel felt compelled to file the instant motion earlier today.

## ARGUMENT

In *United States v. Mason, 52 F.3d 1286, 1289 (4th Circuit 1995),* the Court noted that, "The conviction of a defendant when he is legally incompetent is a violation of due process."

18 U.S.C. Code § 4241 (a) directs that the Court shall order a competency hearing:

> if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Furthermore, 18 U.S.C. § 4241 (b) permits the Court to "order that a psychiatric or psychological examination of the defendant be conducted, and that a... report be filed with the court."

Based upon the representations of the undersigned counsel made in the "Facts" section above, the defendant respectfully submits that "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent," and "that a psychiatric or psychological examination of the defendant be conducted..."

Defense counsel clearly believes that "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent <u>to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense</u>."

Nor is the fact that defense counsel's concerns have gelled at this particular point in the process dispositive of the merits of the motion, as competency issues can arise at any stage of the criminal process. Indeed, Congress envisioned as much in codifying the competency process under 18 U.S. C. Section 4241, by specifying that a defendant may move for a competency hearing:

> (a) [a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation

> or supervised release and prior to the completion of the sentence…

Defense counsel is convinced that the defendant needs a thorough mental health evaluation. However, because defense counsel is not an expert in diagnosing such conditions but is duty-bound to make a request for such an evaluation and intervention if counsel believes there is reasonable cause to do so, counsel respectfully submits that the foregoing authorities cited above, as well as counsel's duties under 28 U.S.C. 2255, obligate defense counsel to respectfully request the relief in his accompanying Motion For Mental Health And Competency Examination.

For the foregoing reasons, the defendant respectfully submits that good cause has been shown for the entry of an Order pursuant to defendant's attendant Motion For Mental Health And Competency Examination under 18 U.S.C. 4241 (a) and (b). [1]

## CONCLUSION

For the foregoing reasons, the defendant respectfully submits that the mental health and competency examination sought by the defendant in the accompanying Motion therefor, should be granted, inasmuch as good cause has been demonstrated for the requested relief in the interest of justice.

JEROD MONTREL ASKEW

By: ______/s________________________
Andrew M. Sacks, Esquire

[1] Defense counsel fully recognizes that any delay occasioned by this Motion and ensuing proceedings or actions resulting therefrom are excludable for purposes of Speedy Trial calculations. See 18 U.S.C. 3161 (h) (1) (A). In addition, in the alternative, the defendant is willing to waive any Speedy Trial rights that might attach at this time given the seriousness of the defendant's apparent need for a mental and emotional health evaluation (and for potential treatment).

Andrew M. Sacks, Esquire, VSB#: 20082
Attorney for defendant Jerod Askew
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 505
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of November, 2021, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

William David Muhr, Esquire
Assistant United States Attorney
UNITED STATES ATTORNEY'S OFFICE
8000 World Trade Center
101 West Main Street
Norfolk, VA 23510-1624
Phone: 757-441-6331
Fax: 757-441-6689
E-mail: Bill.Muhr@usdoj.gov

/s/
Andrew M. Sacks, Esquire

Andrew M. Sacks, Esquire, VSB#: 20082
Attorney for defendant Jerod Askew
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 505
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

F:\IC\ASKEW Jerod\FEDERAL CHARGES 2020\BRIEF.MotCompEval11 23 2021.doc